IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICK TURNER | : |
| | : |
| v. | : Civil No. CCB-11-1755 |
| | : |
| PERDUE TRANSPORTATION INCORPORATED, PERDUE FARMS INCORPORATED, and LLOYD JONES | : |

## MEMORANDUM

Plaintiff Patrick Turner has filed suit against Lloyd Jones, Perdue Transportation Incorporated, and Perdue Farms Incorporated to recover for injuries resulting from a motor vehicle accident that occurred on July 26, 2009 in New Castle, Delaware. Mr. Turner is a citizen of the Commonwealth of Virginia and the defendants are citizens of the State of Maryland. As Mr. Turner has demanded both compensatory and punitive damages in excess of the $75,000 minimum matter in controversy, this court has jurisdiction pursuant to 28 U.S.C. §1332. Defendants have filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, or, in the alternative, a Fed. R. Civ. P. 12(e) motion for a more definite statement. The issues in this motion have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the defendants' motions will be denied, but without prejudice as to the issues if raised at the summary judgment stage. The motion to dismiss Perdue Farms, Inc., will be granted, however, as it was not the employer of Lloyd Jones and no facts have been alleged which would make it liable for the acts of its subsidiary.

## BACKGROUND

On July 26, 2009, plaintiff Patrick Turner was driving on the Korean War Veterans Memorial Highway Bridge in New Castle, Delaware, when his vehicle was struck from behind by a tractor trailer truck driven by the defendant Lloyd Jones. (Compl. ¶6, 9). According to the complaint, the accident was sufficiently serious that Mr. Turner's vehicle was crushed and caught on fire, leaving him disfigured and suffering from permanent injuries. (*Id.* at ¶ 10, 30). In his complaint, Mr. Turner does not distinguish between defendants Perdue Transportation Incorporated ("PTI") and Perdue Farms Incorporated ("Perdue Farms"). He alleges simply that the tractor trailer truck that struck him was owned by "Perdue," referring collectively to the two Perdue companies, and that Mr. Jones operated the truck in the scope of his employment for "Perdue." (*Id*. at 7-8).

Mr. Turner seeks to recover for his injuries under several theories. He alleges negligence on the part of all three defendants (Count I), and he alleges that PTI and Perdue Farms are liable under theories of respondeat superior (Count II), negligent hiring, training, supervision and retention (Count III), and negligent entrustment (Count IV). The complaint alleges that Mr. Jones was negligent per se at the time of the accident because he failed to keep a proper lookout, failed to operate his vehicle at a reasonable speed, and failed to operate his vehicle within the permissible hours allowed for the operation of his vehicle, among other allegations. (Compl. ¶ 15, 18). As a result, plaintiff argues, the Perdue companies were liable for his negligence under a theory of respondeat superior. (*Id.* at ¶34). In addition, the complaint alleges that "Perdue was aware that its drivers, including Lloyd Jones, regularly drove more than the permissible hours" and that the companies in fact "encouraged and allowed" them to do so. (*Id.* at ¶22). The

complaint concludes that "Perdue thus knowingly and intentionally put drivers such as the plaintiff, Patrick Turner, at risk of serious injury as a cost-saving measure." (*Id.*)  In his response to the defendants' motion, Mr. Turner alleges additional supporting facts.  He notes that the Delaware State Police conducted an "extensive investigation" after the accident and that they subsequently charged Mr. Jones with driving his vehicle 8.25 hours over the 14 hour maximum drive time and with falsifying his log book. (Pl. Resp. to Mot. to Dismiss 2).  He adds that "[t]he proximate cause of the accident was driver fatigue," though it is not clear whether that was a conclusion of the investigation, or whether it is an inference by Mr. Turner.

In their brief, defendants make two arguments. First they argue that the complaint as a whole should be dismissed, with prejudice, based on the plaintiff's failure to state a claim for punitive damages. In the alternative, they request that the court order the plaintiff to provide a more definite statement of the factual allegations upon which he seeks punitive damages.  As noted above, Mr. Turner filed a response brief including additional specific facts.  Defendants have filed a reply.

## ANALYSIS

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the

3

light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

While the defendants have moved to dismiss the entire complaint, their arguments focus on the question of punitive damages. Under Delaware law, punitive damages are only appropriate where the defendant's conduct is "'outrageous,' because of 'evil motive' or 'reckless indifference to the rights of others.'" *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 529 (Del. 1987) (citing the Restatement (Second) of Torts § 908, comment b (1979)).[1] The Delaware Supreme Court has explained that this definition roughly approximates the definition of "willfulness and wantonness," terms which "involve an awareness, either actual or constructive, of one's conduct

---

[1] Both parties agree that, pursuant to Maryland courts' choice of law rules, Delaware state law will apply in this case. *See* Defs.' Mot. to Dismiss 5 (citing *Erie Ins. Exchange v. Heffernan*, 925 A.2d 636 (Md. 2007)).

and a realization of its probable consequences." *Id.* at 530 (citing *McHugh v. Brown*, 125 A.2d 583, 585 (Del. 1956). Negligence, on the other hand, "lacks any intent, actual or constructive." *Id.*

According to the defendants, the factual allegations in the complaint "amount to no more than allegations of negligence or carelessness" on the part of Mr. Jones. (Defs.' Mot. to Dismiss 9). Defendants argue that Mr. Turner uses only "formulaic phrases" such as "willful and wanton" and "conscious indifference," without supporting the use of these phrases with specific facts as required by *Twombly* and *Iqbal*. Indeed, Mr. Turner's counsel inexplicably failed to include in the complaint the most relevant specific facts, that the Delaware State Police investigation charged Mr. Jones with driving 8.25 hours over the 14 hour maximum federal and state drive time limit and with falsifying his log book. If Mr. Jones was an employee of PTI, as defendants at this stage do not contest, then the inference is certainly a reasonable one that the company had knowledge, or at least *could have had* knowledge, that its driver was driving for over 22 hours straight.[2]

Given the inclusion of the police report details in Mr. Turner's response brief, this court could *sua sponte* give the plaintiff leave to amend his complaint to include this fact. But doing so would only waste time and money for both Mr. Turner and for defendants, as the case will be proceeding through discovery in any event. Thus, while denying the motion to dismiss the complaint on behalf of Mr. Jones and PTI, this court does so without prejudice as to any future

---

[2] That defendants actually knew Mr. Jones had been driving for over 22 hours may not be necessary to a punitive damages claim. As defendants cite in their motion to dismiss, "willfulness and wantonness . . . involve an awareness, either actual *or constructive*, of one's conduct." (Defs.' Mot. to Dismiss 7 (citing *Jardel*, 523 A.2d at 530)) (emphasis added).

arguments by defendants regarding whether or not Mr. Turner has been able to prove the existence of sufficient facts to justify the claims he has made.

While the complaint has alleged sufficient facts to survive a motion to dismiss by Mr. Jones and PTI, it has not alleged *any* facts regarding the relationship between PTI and Perdue Farms that would warrant finding Perdue Farms liable for the actions of Mr. Jones.  As a result, the motion to dismiss Perdue Farms from the suit will be granted.

## **CONCLUSION**

For the reasons set forth above, the motion to dismiss, or, in the alternative, for a more definite statement, will be denied as to Lloyd Jones and Perdue Transportation Incorporated. The motion to dismiss will be granted as to Perdue Farms Incorporated.

A separate order follows.


October 26, 2011                                 /s/
Date                                     Catherine C. Blake
                                         United States District Judge